[No. 1241, January 12, 1909.)

TERRITORY OF NEW MEXICO, Appellant, v. PEDRO GONZALES, Appellee.

Appeal from the District Court for Dona Ana County before FRANK W. PARKER, Associate Justice. Reversed and remanded.

J. M. HERVEY, Attorney General, and MARK B. THOMPSON, District Attorney, for Appellant.

Gambling legislation in New Mexico. Compiled Laws 1884, secs. 880-883, 891, 892, 2290; Crow v. The State, 6 Texas 335; Job 5; Psalms 21; C. L. 1897, secs. 1305, 1314, 3199; Laws of 1887; Laws of 1893; Laws of 1897, chapters 31, 32; Joseph v. Miller, 1 N. M. 621; Laws of 1907, chapter 64.

"Statutes for the suppression of fraud should be liberally construed." Bacon's Abr., vol. 9, p. 251; Sutherland Statutory Construction 427; Randolph v. The State, 9 Texas 521 (1853); Portis v. The State, 7 Ark. 360; Territory v. Gutierrez, 78 Pac. 143; ejusdem generis, vol. 3, Words and Phrases; ex-parte Leland, S. C., 1 Nott & McC. 460; Moore v. The State, 146 Ill. 600; People v. New York and M. B. Ry. Co., 84 N. Y. 565; Phillips

v. Christian Co., 87 Ill. App. 481 (484); Remick v. Boyd, 99 Pa. St. 555; Union Co. v. Ussery, 147 Ill. 208; Misch v. Russell, 136 Ill. 22; Reg. v. Dickenson, 7 El. Bl. 831; Wanstead Local Board v. Hill, 13 C. B. N. S. 479; re Barre Water Co., 62 Vt. 27.

Construing of statutes directed against gambling. People v. Carroll, 80 Cal. 157; Stearns v. The State, 21 Texas, 693; Webb v. State, 17 Texas 206; Crow v. State, 6 Texas, 335; Randolph v. State, 9 Texas, 521; Bell v. State, 32 Texas, Cr. R. 187; Faucett v. State, 46 Texas, Cr. R. 114; Mims v. State, 88 Ga. 458; Brown v. State, 40 Ga. 692; Commonwealth v. Wyatt, 6 Randolph, Va. 694; Christopher v. State, 41 Tex. Cr. R. 239; State v. Gaughan, 55 W. Va. 692; Portis v. State, 27 Ark. 360; Trimble v. State, 27 Ark. 355; Euper v. State, 35 Ark. 629; State v. Rosenblatt, 185 Mo. 114; Eubanks v. State, 5 Mo. 451; State v. Gittlee, 6 Ore. 426; In re Lee Tong, 18 Fed. 253; Meeks v. State, Texas 1903, 74 S. W. 910; Oblennis v. State, 12 Mo. 311; Vicaro v. The Commonwealth, Dana, Ky. 1846, 506.

Qualifying words are usually limited to their immediate precedents. Lewis Sutherland on Statutory Construction, sec. 420.

HOLT & SUTHERLAND for Appellee.
No Brief.

### STATEMENT OF FACTS

This is a case wherein appellee was indicted by the grand jury of Dona Ana County for the offense of running and operating a certain banking game of chance, to-wit: A nickel-in-the-slot machine, contrary to the statute of New Mexico.

A warrant was issued upon said indictment and the defendant was taken into custody, filed his appearance bond in the sum of $500 which said bond was approved according to law.

Thereafter, the defendant withdrew his plea of not guilty, theretofore entered, and filed a motion to quash the indictment found against him upon the ground that

it did not charge any offense under or known to the law of the Territory of New Mexico.

An agreed statement of facts was filed, describing the said nickel-in-the-slot machine as follows:

"A case, box or frame about five feet high and about four feet wide; that on the inside thereof is certain machinery so constructed as to make it work automatically when in running order; that there is a number of slots of different colors on the top of the machine and if the player puts a nickel into the slot of any color and pushes down a crank, it starts a circular disc to revolving, containing colors corresponding to the colors on the slots and if the color shown by the indicator over the disc at which the disc stops revolving is the same color as the slot in which the coin was deposited, a certain valve will open and pay out to the player from one to forty times the amount played by the player according to the color played by him. If the indicator does not stop at the color played the player loses the amount played. That there is a common fund placed in the machine by the owner and constantly kept there against which the players can play. to which the player's losings are added and from which his winnings are taken. In other words; if the nickel is placed in the green slot and the disc stops at the point so the indicator points to the green color on the disc, it pays five times the original nickel played, and the yellow pays ten, the white twenty and the blue forty when similarly played. If, on the other hand, the indicator shows on some color which the player has not played, his money so played by him goes into the common fund and becomes the property of the relator and is lost to the player. Whether the player wins or loses is wholly a matter of chance.

"The machine above described is a game of hazard or chance in which small sums are volunteered or ventured for the chance of obtaining a larger sum of money. The machine above described is what is known as a 'percentage game,' that is, the chances are unequal in favor of the owner."

And on the same day, the court, after hearing defend-

Chavez v. Torlina.

ant's motion to quash, and arguments of counsel, sustained said motion and discharged the defendant.

### OPINION OF THE COURT.

*Per curiam.*    This case is on all fours with that of the Territory of New Mexico v. Charles R. Jones, recently decided by this court, except that this is an appeal from a quashed indictment, and not from a quashed information, and on the authority of that case, the judgment in this cause is reversed and the case is remanded to the District Court of Dona Ana County for further proceedings: and It is  so ordered.